## FARMER & a. v. THE TOWN OF HOOKSETT.

It is the acceptance of the report of the road commissioners, and judgment thereon, that fixes the rights of the parties in regard to the land taken for the road.

Until the report is accepted, the court may recommit it to the commissioners for any good cause shown.

Where a road was laid out over a turnpike bridge, and it was made to appear on the return of the report, that a large portion of the bridge had been destroyed since the action of the commissioners—*held*, that the report should be recommitted for a new award of damages.

PETITION, for a highway in Hooksett, in this county. The road commissions reported the laying out of a highway upon the route prayed for, as follows:

" Beginning at a stake in the travelled part of the high-

way, eight rods from the south end of the bridge in said Hooksett village, owned by the Londonderry Turnpike Corporation; thence north eight degrees west, over and across Merrimack river, forty-one rods; thence north fifty-one degrees west, seven rods, to a stake, &c.; said highway to be four rods in width, but not to interfere with the toll house belonging to the Londonderry Turnpike Corporation.

We award to the Londonderry Turnpike Corporation.....................................$1,700,00

To Concord Railroad Corporation.............. 10

We estimate the expense of building said highway at the sum of seventeen hundred dollars."

It was admitted that the award of $1,700 to the Londonderry Turnpike Corporation was upon the assumption that, by law, the bridge would become the property of the town.

To the acceptance of the report the following exceptions were filed :

I. Because the road commissioners did not comply with the provisions of the 958th chapter of the laws of New Hampshire, entitled "An act in amendment of the laws relating to the laying out of highways," passed June session, 1850.

II. Because, although it is provided by the 958th chapter of the laws of New Hampshire, above referred to, "that whenever, upon any petition referred to them, the road commissioners for any county or counties in this State shall be of the opinion that the road prayed for, or any portion thereof, is demanded for the public accommodation, and shall lay out the same, if in their opinion the town or towns through which the same passes, would be excessively burdened by defraying the whole expense of constructing the same, said commissioners shall make examination of all the circumstances relating to said road, its public utility and the expense of its construction, the ability of such town or

Farmer v. Hooksett.

towns to bear the expense, and the benefit to such town or towns, and any other towns in the vicinity, from the construction thereof, and if upon such examination said commissioners shall be of opinion that the town or towns through which the proposed road passes would be excessively burdened by defraying all the expenses of its construction, and that any other town or towns in the vicinity, in the county or counties through which said road passes, would be greatly benefitted by its construction, they shall give notice as in other cases, to such other town or towns as in their opinion would be thus greatly benefitted, of the time and place when and where they may be heard in the premises," and although it was shown that the town of Hooksett would be excessively burdened by defraying all the expenses of the laying out and supporting of the highway prayed for, and although it was shown that the towns of Allenstown, Pembroke and Bow, would be greatly benefitted by the laying out of the said highway, said commissioners did not make any such examination of the circumstances of the case as the law requires, and gave no notice whatever to the towns of Allenstown, Pembroke and Bow, of the time and place when and where they might be heard in the premises.

III. Because that since the hearing before the road commissioners, great damage has been done to the piers of the bridge over which the highway described in the report passes; said damage being estimated at from $300 to $800, and by reason of said damage the amount assessed against the town of Hooksett in favor of the Londonderry Turnpike Corporation is onerous, unjust and oppressive.

IV. Because the construction of said highway so prayed for would be an onerous tax upon the town of Hooksett, and would be of great benefit to the towns of Allenstown, Bow, Pembroke and Dunbarton, and because those towns should be notified in the manner prescribed by statute, and should be heard in the premises.

V. Because the road commissioners should have reported, (their attention having been called to this point,) whether the evidence introduced did or did not prove that the laying out of said highway would be unjustly burdensome to said town of Hooksett, so that the court of common pleas might have determined whether any portion of the expense of laying out and maintaining said highway should be paid by the county, in accordance with the provisions of the Revised Statutes, ch. 52, § 8.

*Baker & Peabody*, for the town.

We think that the law of 1850 applies to this case, and we objected at the hearing before the commissioners, as stated in our second exception. But whether we are right or not in regard to the law of 1850, we have confidence in our point in regard to the reduction in the value of the property. The appraisal was made for the value of the bridge, and not for a part of it. The property has never passed into our hands, and the corporation is now in the receipt of tolls for the use of the bridge.

We will not trouble the court with an argument in the case, as our points are distinctly stated in our exceptions.

*Perley*, with whom was *Morrison*, for the petitioners.

The road was wholly in Hooksett, and the act of 1850 does not apply.

The commissioners were the judges whether any part of the expense should be borne by the county.

The estimate of the damage to the corporation was made with reference to the ordinary risk of injury from water, and the public take it subject to this risk. The salable value of the bridge and the stock is governed by reference to such risks; it would be the same, in substance, if the bridge were damaged after the acceptance of the report.

EASTMAN, J. It does not appear from the case, further.

than what is shown by the exceptions filed, that anything was done in the premises, upon the application to make Pembroke and the other towns parties to the report. Did the case distinctly show what was done or neglected to be done by the commissioners in regard to making the adjoining towns contribute to the making of the road, the court might judge more accurately of the force of the exceptions. But as the case stands, there is nothing for us to decide upon that point.

We might remark, however, that the question whether the adjoining towns shall be charged with a portion of the expense, is one of fact for the commissioners alone to decide; and if their proceedings should appear legal and regular, the court would not undertake to review their decision upon that question.

But we gather from the case and the argument of counsel, that after the hearing before the commissioners and before the acceptance of the report, the bridge, over which the road was laid, and for which $1,700 damages were awarded to the turnpike corporation, was seriously damaged, whereby its value has become diminished from three to eight hundred dollars. And it appears to us that this is a good reason for the recommitment of the report. Until the report is accepted and judgment entered thereon, the bridge remains the property of the turnpike corporation. It does not change hands until the acceptance of the report, and the town should not be compelled to pay for that which it never has, or, under existing circumstances, can receive. A good cause exists for a recommitment of the report. Com. Stat. ch. 53, § 7.

The court would not recommit a report for a new assessment of damages in any ordinary case, where the change could be but trifling; but where the entire consideration for the award should fail before the report should be returned and accepted, as, for instance, the destruction of the whole property, or such part of it, should fail, as to make it appa-

Farmer v. Hooksett.

rent that the town would be paying a considerable sum for what it could never receive, we think there should be a re-commitment for a new assessment.

It is the misfortune of the turnpike corporation that a portion of the bridge has been carried away, but because certain petitioners have seen fit to take steps to make the bridge a free one, and to compel the town to pay the corpo-ration for the same, it cannot be held that the town shall be liable for it until the report of the commissioners shall be accepted and their liability to take it fixed. It is the accept-ance of the report and judgment thereon that operates to fix the liability and to transfer the property to the town. Until that is done, the bridge remains in the possession of the corporation, and belongs to them, and all risks of its de-struction should be with them so long as they own it. The town could not take the bridge until the acceptance of the report.

The commissioners made an award in damages for the town to pay for what had no existence when their report was returned to the court. Before the report was acted upon by the court the consideration for the award in part failed, and it appears to us that justice requires that there should be a recommitment of the report, that a new award. may be made.

*Report recommitted.*