Aug. 12,}
1875. }          NASHUA & ROCHESTER RAILROAD *v.* LEE.

*Railroad Crossings—Practice.*

A report of county commissioners had been made and filed in the clerk's office in the circuit court, to the effect that a bridge was necessary for the public safety and convenience over a certain railroad crossing. Afterwards, on petition of a land-owner, a report of the same commissioners was made, and filed in the same court, laying out a substitute for the highway at that place, and discontinuing the old highway. Both petitions and reports were pending in said court in the same term. *Held,* that a motion to accept the second report, and recommit the first for inquiry as to change of circumstances, ought to be granted.

In this case, two reports of the board of county commissioners were pending at the February term, 1875, of the circuit court. One was a petition by the plaintiffs against an order of the town of Lee, requiring them to build a bridge over their railroad at a crossing of the highway, and was to the effect that the bridge was necessary for the public safety and accommodation. The other was on a petition in favor of a landholder, and was to the effect that the highway ought to be discontinued, and ordered a substitute to be made for it so that the proposed bridge would no longer be necessary.

The hearing on the first petition was had before the filing of the other. Both reports were returned to the circuit court at the September term, 1874.

The plaintiffs moved that judgment be rendered on the second report, and that the first report be recommitted to the board, to inquire

and report, amongst other things, whether any change of circumstances had taken place which would render the bridge unnecessary.

The first report was signed by all the commissioners, April 21, 1874, and filed in the clerk's office July 24, 1874. The second petition was heard July 21, 1874, and filed September 1, 1874.

The questions arising on the foregoing case were transferred, by order of STANLEY, J., to the superior court of judicature for determination.

*Stevens* and *Sawyer*, for the plaintiffs.

*Hobbs,* for the defendants.

At the time of making, the road where the bridge was needed was one the town was legally bound to keep safe. There were no proceedings pending or proposed at that time to discontinue that part of the road. The question then was, What was needed as the facts then existed? The commissioners had no right to leave the place unsafe, on the ground that, if the highway in the future should be discontinued, there would be no occasion for a bridge: they were called upon to consider evidence as to an existing highway, and nothing else.

No exception can be taken to their acceptance or rejection of evidence. Their report was made and filed before any petition was made by Plummer, and the town of Lee is entitled to judgment on the report and costs. If by any proceedings on the Plummer petition the highway is discontinued, that may be a good reason why the bridge should not be built, and an answer to any proceedings against the railroad for not building the bridge; but no act of the commissioners, after their report was signed and filed, can be construed as changing their report.

The case of *Wentworth* v. *Farmington* is based on the ground that commissioners may, at any time before court, change their finding; but it applies only to those cases where they retain the report in their own control, and not to cases where they have put their report upon the files of the court, for then they cease to have any power over the report. It is then a public record. It will be time to argue to the effect of the report on the Plummer petition when the question arises.

CUSHING, C. J. By Gen. Stats., ch. 63, sec. 7, it is provided that the court, for good cause shown, may recommit any report of commissioners; and in *Farmer* v. *Hooksett*, 28 N. H. 244, it was held that a report might be recommitted, for inquiry into changes of circumstances happening after the hearing. It appears, by the statute above referred to, that until the report had been accepted by a judgment of the court, the case is open for further inquiry.

The case before us well illustrates the necessity of this provision. While the first of the two reports was yet pending, and before any order had been made upon it, the other report was filed, by which, when brought to the notice of the court, it became apparent that the bridge would be entirely unnecessary. It would be a reproach to the

law, if, in the face of such facts, of which, being evidenced by the records of the court, it would take judicial notice, it should be obliged to accept the first report, and order the bridge to be built, with the certainty that new proceedings would instantly be commenced, and the order reversed. Indeed, under Gen. Stats., ch. 147, sec. 7, I should be strongly inclined to hold that the court ought, on accepting the second report, to reject the first, and adjudge that the bridge was not necessary.

Under Gen. Stats., ch. 214, secs. 1, 2, the circuit court, having by law the same powers as were exercised by the supreme judicial court at law term, has a large discretion over the question of costs, so that it would be in the power of the court to make a reasonable and proper adjustment of them.

LADD, J. A judgment on the first report must be, that the railroad build the bridge. It seems to me the plaintiffs are right, that such a judgment would be preposterous and unjust. The same board of commissioners have since ordered a change in the highway, and that the very portion of it where the bridge was to be built be forever closed. When that was done, the public security no longer required the bridge ordered to be built by the first report. The only occasion for recommitting the first report is, that the facts appearing in the second may be stated in it. That being done, it is clear the judgment must be in favor of the railroad. Unless the parties agree, I think the report may properly be recommitted for that purpose. The matter of costs can be equitably adjusted in the circuit court.

SMITH, J. The plaintiffs have moved that the first report be recommitted, because, in addition to other reasons assigned, there has been such a change of circumstances since the hearing, by reason of the action of the commissioners on Plummer's petition and the alteration of the highway, as to render the building of the bridge unnecessary. There is no doubt of the power of the court to order the report recommitted. Gen. Stats., ch. 63, sec. 7. The filing of the report concludes no rights. Until accepted and judgment ordered thereon, there is no change in the liability of the parties, and no transfer of the rights or property of either. *Farmer* v. *Hooksett*, 28 N. H. 244. The second report of the same board of commissioners shows a clear case of change of circumstances, and I can conceive of no reason why the motion to recommit should not be granted. Indeed, it is by no means certain that it is necessary to recommit the report. When the report discontinuing the highway is accepted, will it not become matter of record in the circuit court that there is no crossing, and consequently that the court has no authority to establish the bridge ? If this be so, it would seem to be unnecessary to recommit the report, and the proper course would seem to be to dismiss the petition. But the plaintiffs do not ask this, nor raise this question.

*Report recommitted.*